# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DENNIS BEHR, and Employees Similarly Situated to Him, <br><br> Plaintiff, <br><br> vs. <br><br> AADG, INC., d/b/a Curries, <br><br> Defendant. | No. C14-3075-LTS <br><br> **MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION AND COURT AUTHORIZED NOTICE** |

## I. INTRODUCTION

Plaintiff Dennis Behr (Behr) filed this action against AADG, Inc., d/b/a/ Curries (AADG), on November 21, 2014, alleging a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. This case has been referred to me with the consent of the parties for the conduct of all further proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c). Doc. No. 10.

Behr has filed a motion (Doc. No. 15) for conditional class certification and court authorized notice, along with a proposed notice (Doc. No. 15-4). AADG has filed a resistance (Doc. No. 20) and Behr has filed a reply (Doc. No. 22).[1] While Behr has requested oral argument, I find that the issues have been sufficiently briefed by both sides so as to render oral argument unnecessary. *See* N.D. Ia. L.R. 7(c). The motion is fully submitted and ready for decision.

---

[1] After the motion was fully briefed, I granted Behr's unresisted motion for leave to file an amended complaint. Doc. No. 24. The amended complaint, and Currie's answer to the amended complaint, have now been filed. Doc. Nos. 25, 26. Neither party has argued that the amended pleading has any impact on the present motion.

## II. RELEVANT FACTUAL BACKGROUND

On February 6, 2014, AADG implemented a reduction in force (RIF) plan to cut $1.4 million in indirect personnel expenses at its plant in Mason City, Iowa. Behr was one of 14 employees laid off as part of the RIF. Thirteen of those 14 employees were over the age of 40 at the time of the RIF. This group of 13 former employees is the class Behr seeks to certify.

By agreement, and with this court's consent, the parties engaged in limited discovery concerning class certification issues. Doc. No. 11. In support of his motion, Behr has submitted certain of AADG's answers to interrogatories, along with affidavits from three members of the potential class: Dale Glen, Ronald White and Glenn Willier. Doc. Nos. 15-1, 15-2, 15-3 and 19. Glen states that he was a 51 year-old manufacturing engineer at the time of the RIF and that his position was not actually eliminated. Instead, he states that he was replaced by a new, younger employee, approximately 25 years-old.

White states that he was a 67 year-old shipping manager at the time of the RIF and that his job duties were assumed by a younger, less-experienced employee. He also states that shortly before the RIF, he was asked by AADG's director of human services if he was planning to retire soon. According to White, he responded by stating that he did not plan to retire.

Willier states that he was a 65 year-old maintenance mechanic at the time of the RIF and that he was the oldest maintenance mechanic in the maintenance department. He also states that shortly before the RIF, he had made arrangements with AADG under which he would begin to work a reduced schedule, but never had the opportunity to work under that reduced schedule before the RIF. Willier states that all of the maintenance mechanics who were younger than him retained their jobs after the RIF.

In support of its resistance, AADG has submitted (a) certain other of its answers to interrogatories, (b) the affidavit of Vicki Gordon, its director of human resources, and (c) various records. Doc. No. 21-1, 21-2. In her affidavit, Gordon states that

approximately 175 employees were eligible for inclusion in the RIF. Doc. No. 21-2 at 2. AADG's records show that only 26 of those employees, or about 15%, were under the age of 40 when the RIF occurred. Doc. No. 21-4. Gordon states that the employees chosen for discharge were selected for a variety of reasons, including the elimination of their positions, their stated intentions concerning retirement, performance issues and status as part-time employees. Doc. No. 21-2 at 2. According to Gordon, each affected employee was notified of his or her termination on February 17, 2014, and all signed agreements entitled "Separation Agreement, General Release and Covenant Not to Sue." *Id.*

## III. DISCUSSION

A. *Conditional Class Certification*

1. *Applicable standards*

The ADEA allows an employee to bring an action on his or her own behalf and on behalf of other employees similarly situated to enforce the provisions of the ADEA. 29 U.S.C. §§ 216(b), 626(b); *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 167 (1989). Unlike the typical class action suit governed by the Federal Rules of Civil Procedure, "plaintiffs wishing to sue as a class under [the] ADEA must utilize the opt-in class mechanism provided in 29 U.S.C. § 216(b)." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). "[O]nce an ADEA action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-La Roche*, 493 U.S. at 171. The court must exercise its discretion to facilitate notice to potential plaintiffs while avoiding the "'stirring up' of litigation through unwarranted solicitation." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 890 (N.D. Iowa 2008) (quoting *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991)).

Section 216(b) does not define when plaintiffs are "similarly situated." *Id.* A majority of federal courts, including this court, have utilized a two-step approach to address this issue. *Id.* at 891. Here, neither party advocates a different approach. Thus, I will apply the two-step analysis to this case.

The two-step approach distinguishes between conditional class certification and a final class certification. *Id.* Conditional certification is generally completed at the notice stage, when only limited discovery has taken place, and applies a lenient standard to determine whether the potential plaintiffs are similarly situated. *Id.* The second step, final certification, is addressed after notice, discovery and the time for opting-in has occurred. *Id.* At that time a "substantial record has been amassed," which allows the court to make a factual determination. *Campbell v. Amana Co., L.P.*, No. C99–75 MJM, 2001 WL 34152094, *at 2 (N.D. Iowa Jan. 4, 2001). The standard for whether the opt-in plaintiffs are "similarly situated" at the second stage is stricter than it is at the first stage. *Bouaphakeo*, 564 F. Supp. 2d at 890.

At the initial stage, the plaintiff must provide "some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Id.* at 892 (quoting *Salazar v. Agriprocessors, Inc.*, No. 07–CV–1006–LRR, 2008 WL 782803, at *5 (N.D. Iowa March 17, 2008) (in turn quoting *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 577 (N.D. Iowa 2005)). Under this standard, conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.* (quoting *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007) (in turn quoting *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005)). A plaintiff need only make a modest factual showing at the first stage because there has been limited discovery. *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 577 (N.D. Iowa 2005). Since the standard at the first step is lenient, conditional certification is "generally granted." *Campbell*, 2001 WL 34152094, at *2.

Even at this initial stage, however, some evidence is required. The plaintiff must show that similarly situated persons exist and want to opt-in. *Bouaphakeo*, 564 F. Supp. 2d at 892. "Unsupported assertions of widespread violations are not sufficient." *Evancho v. Sanofi-Aventis U.S. Inc.*, No. 07-2266, 2007 WL 4546100 at 2 (D.N.J. 2007) (citing *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003)). A court may deny conditional classification if the action "arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Aguirre v. SBC Communications, Inc.*, No. H-05-3198, 2007 WL 772756, at *9 (S.D. Texas Mar. 12, 2007) (internal citations omitted). Courts consider factors such as "whether affidavits of potential plaintiffs have been submitted, whether there is evidence of a widespread discriminatory plan, and whether, as a matter of sound management, a manageable class exists." *Bouaphakeo*, 564 F. Supp. 2d at 892 (internal citations omitted).

### 2. *Analysis*

I first must determine whether this case is still at the notice stage, has reached the second stage, or is somewhere in between. When only limited discovery has occurred and the plaintiff is requesting only conditional certification, it is more equitable to begin with a first-step analysis. *Bouaphakeo*, 564 F. Supp. 2d at 894. The ADEA has a remedial purpose, and a lenient standard for conditional class certification facilitates that purpose. *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995).

Here, the parties clearly intended that this would be a stage one analysis. On February 23, 2015, they filed a joint motion (Doc. No. 9) for entry of a scheduling order in which they proposed a two-stage discovery process, with stage one being "limited to issues concerning conditional certification" and stage two being discovery "encompassing the merits of the case." Doc. No. 9 at 2. I granted the motion by order (Doc. No. 11) filed February, 24, 2015, thus establishing a deadline for "discovery regarding class

certification" and deadlines for briefing plaintiff's motion for conditional class certification. By design, this case is at stage one of the two-stage class certification process.

As noted above, at this stage the plaintiff need only produce some evidence that the potential plaintiffs were victims of a common policy or plan that violated the law to show that they are similarly situated. *Campbell*, 2001 WL 34152094, at *2. "The more stringent factual inquiry as to whether the plaintiffs are 'similarly situated' is made only after a more substantial record has been amassed." *Id.* In resisting Behr's motion, AADG contends that conditional certification should be denied because the court will be required to conduct a fact-intensive inquiry into each potential plaintiff's individual situation to determine whether they are similarly situated. Doc. No. 21 at 6. AADG relies on *Aguirre* and *Evancho* to argue that factual differences between the potential plaintiffs, such as their positions and salaries, may require denial of conditional certification. Neither case is on point.

*Aguirre* and *Evancho* addressed claims relating to employment status and benefits under the Fair Labor Standards Act (FLSA). The question of whether a particular employee was entitled to certain benefits turned on whether that employee was exempt or nonexempt under the FLSA. *Aguirre*, 2007 WL 772756, at *10; *Evancho*, 2007 WL 4546100, at *3. In each case, the court denied conditional certification because of this individualized inquiry.

The situation here is different. Behr alleges a single discriminatory policy or plan – AADG's implementation of the RIF. While the RIF distinguished between essential and non-essential employees, the individual job titles, duties and salaries are not fundamental in deciding whether the plaintiffs are protected by the ADEA. "It is unnecessary to show that putative class members share identical positions." *Schwed v. General Elec. Co.*, 159 F.R.D. 373, 375 (N.D.N.Y. 1995). Differences in the plaintiffs' factual situations may lead to a denial of classification at some point, but those differences

are more likely to be determinative at the second stage of the analysis. *See Brooks v. BellSouth Telecommunications, Inc.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995). Indeed, some courts have held that the mere allegation of discrimination in the implementation of a RIF is enough to satisfy the lenient first step burden. *See, e.g.*, *Wilkerson v. Martin Marietta Corp.*, 875 F. Supp. 1456, 1461 (D. Col. 1995). "In this regard, the allegation of discrimination by [plaintiffs] transcends the differences existing among levels of management responsibility . . . [and] employment in different divisions or operating units." *Id.*

AADG argues that although all the plaintiffs are within the protected age group and were terminated as part of the RIF, in order to prove the prima facie elements of the case they would each have to show age was a determining factor in their termination and that their job was given to someone younger.[2] AADG claims that this factual analysis is so individualized that the potential plaintiffs cannot be similarly situated. AADG also argues that there is no evidence of discriminatory intent, another prima facie element. Further, AADG notes that if the plaintiffs establish a prima facie case, AADG would have to produce individual defenses for each plaintiff.

At this preliminary stage, there must be a factual nexus binding the named plaintiff and potential class members together "as victims of a particular practice." *Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317, 322 (E.D.N.Y. 2012). The named plaintiff must reasonably describe the potential class to allow the court to decide whether similarly situated potential plaintiffs exist. *Id.* (citing *Schwed v. Gen. Electric Co.*, 159 F.R.D.

---

[2] Curries also argues that because each plaintiff signed a Separation Agreement, which included a release and a covenant not to sue, the court should not grant conditional class certification. Again, I find this argument to be premature. Curries will bear the burden of proving that the waivers were obtained in compliance with the Older Workers Benefits Protection Act. *See* 29 C.F.R. § 1625.22(h). Curries is free to seek the dismissal of individual, opt-in plaintiffs based on their execution of Separation Agreements. I agree with Behr, however, that the existence of those Agreements does not prevent conditional class certification.

373, 375-76 (N.D.N.Y. 1995)). The factors to consider are "whether affidavits of potential plaintiffs have been submitted, whether there is evidence of a widespread discriminatory plan, and whether, as a matter of sound management, a manageable class exists" as well as whether potential plaintiffs have been identified and if there is evidence that similarly situated individuals want to opt-in. *Bouaphakeo*, 564 F. Supp. 2d at 892 (internal citations omitted).

Here, Behr has identified 12 additional, potential plaintiffs. Three have indicated they are willing to opt-in to the class. A total class size of 13 (or less) is manageable. Moreover, all of the potential plaintiffs, despite having a variety of positions, were discharged from the same plant at the same time, as part of the same RIF plan. Behr has submitted affidavits indicating that all but one of the employees discharged were over the age of 40 and that their positions were given to younger employees or their duties were assumed by younger employees.

The evidence AADG submitted to show that it did not discriminate based on age is directly more properly to the merits of the case. Under the lenient standard of the first-stage analysis, and in light of Behr's submission of evidence that provides a "colorable basis" for finding that the potential plaintiffs were victims of a discriminatory plan, I will grant Behr's request for conditional class certification.

## B. *Court Authorized Notice*

### 1. *Applicable standards*

As part of a federal court's authority to manage the cases before it, the court may supervise the notification process. *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 499 (D. Neb. 2009) (citing *Hoffman-La Roche*, 493 U.S. 165, 170 (1989)). Notice must be timely, accurate and informative so the potential plaintiffs have a chance to make an informed decision about whether they want to participate. *Id.* The court must avoid appearing to endorse the merits of the claim. *Id.* However, because the notice represents

a communication from the plaintiff to other possible class members, the court should not alter the proposed notice unless it is necessary. *Id.* Thus, the court should also not change the plaintiff's proposed notice unless there is reasonable objection from the defendant or the court itself. *Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d 1014, 1018 (E.D. Mo. 2010); *King v. ITT Continental Baking Co.*, No. 84 C 3410, 1986 WL 2628, at *3 (N.D. Ill. 1986).

The notice to potential plaintiffs should include information such as a brief identification of the action, any fees and expenses the class members may have to pay, how many individuals have already signed consent forms (if any), a statement indicating the court has expressed no opinion on the merits, a statement that the individual is not obligated to join the action and a statement that if the individual opts-in then he or she will be bound by the results. *Krueger v. New York Tel. Co.*, No. 93 CIV. 0178, 1993 WL 276058, at *3 (S.D.N.Y. 1993).

### 2. *Analysis*

AADG presents three objections to Behr's proposed notice (Doc. No. 15-4). First, AADG requests that the word "alleged" be added to the first sentence of the notice, meaning the relevant portion of that sentence would read: "we have brought an action seeking compensation for alleged damages arising out of employment terminations. . . ." AADG argues that omitting the word "alleged" improperly suggests that a right to recover damages has already been determined. Second, AADG claims the second sentence of the third paragraph is not complete and that the phrase "may also be entitled to compensation" suggests that the court has already decided that Behr is entitled to compensation. Third, AADG asks for a clarification of the phrase "any expenses incurred by the law firm" to disclose that any individual who opts-in will be responsible for a portion of attorney fees.

With regard to AADG's first objection, the second sentence of the proposed notice advises the reader that "[t]he court has expressed no opinion on the merits of the case." I find that this clearly and properly notifies the potential plaintiffs of the fact that no determination has been made as to whether any award of damages is appropriate. The first paragraph does not unfairly prejudice AADG.

As for AADG's second objection, I agree that the third paragraph should be revised as AADG requests. The second sentence of that paragraph is confusing because of its (probably inadvertent) inclusion of the word "and" and its suggestion that Behr has already been found to be entitled to compensation. The third paragraph should be replaced with the following:

> The plaintiff in this action claims that AADG, through a company "Reduction in Workforce" plan, selected him for termination because of his age, and that he is therefore entitled to compensation. We are sending you this notice because you were terminated as part of the 2014 "Reduction in Workforce" plan, and you therefore may choose to join this lawsuit and, if the lawsuit is successful, may be entitled to compensation.

With regard to AADG's third objection, I agree that the fifth paragraph of the notice should include a disclosure about the attorney fee obligations that a potential plaintiff would assume if he or she opts into the class. While this disclosure need not be detailed, it should alert the potential plaintiffs to the circumstances under which they may be required to pay attorney fees. I will leave it to Behr's counsel to prepare a draft of appropriate language for review by AADG's counsel. If counsel are able to agree on that language, the notice may be sent without the need for further approval by the court. If counsel are not able to reach agreement, they may contact my chambers to schedule a telephone conference on an expedited basis.[3]

---

[3] The same is true with regard to the deadlines that will be set forth in the final paragraph of the notice. Behr's counsel shall propose appropriate deadlines for review and approval by AADG's counsel. The parties may seek the court's assistance if necessary.

## IV. CONCLUSION

For the reasons set forth herein, Behr's motion (Doc. No. 15) for conditional class certification is **granted**. However, the notice proposed by Behr (Doc. No. 15-4) shall be modified as set forth above.

The parties shall submit a proposed scheduling order and discovery plan for the remainder of this case on or before **November 16, 2015**.

**IT IS SO ORDERED.**

**DATED** this 6th day of October, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE